F I L E D
United States Court of Appeals
Tenth Circuit

OCT 14 1999

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

KENNETH R. COBBIN,

       Petitioner-Appellant,

v.

ARISTEDES W. ZAVARES,
MARK E. MCKINNA, Superintendent
and THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

       Respondents-Appellees.

No. 99-1042
(D.C. No. 97-B-2258)
(D. Colo.)
(32 F. Supp.2d 1225)

ORDER AND JUDGMENT *

Before **BRORBY** , **EBEL** , and **HENRY** , Circuit Judges.


      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Kenneth R. Cobbin filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking to overturn his conviction for aggravated robbery on the basis that his trial counsel provided constitutionally ineffective assistance, *see Strickland v. Washington*, 466 U.S. 668, 687 (1984). Adopting the recommendation of the magistrate judge, which thoroughly discussed the factual and procedural history of Cobbin's claim, the district court denied the petition. *See Cobbin v. Zavares*, 32 F. Supp.2d 1225 (D. Colo. 1999). Cobbin timely filed a notice of appeal, and the matter is now before us on Cobbin's application for a certificate of appealability.

To be entitled to a certificate of appealability, Cobbin must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c); *Ross v. Ward*, 165 F.3d 793, 797 (10th Cir.), *cert. denied*, 1999 WL 496228 (U.S. Oct. 4, 1999) (No. 99-5138). Cobbin contends that he is entitled to a certificate on the basis that his trial counsel was ineffective for failing to prevent the introduction of evidence of his past criminality, which he contends allowed the jury to convict him based on previous acts rather than on evidence he committed the crime charged. Specifically, he contends that his counsel should have objected to the admission of "mug shots" taken of him in 1987 and 1985 and

-2-

to testimony that he was a suspect with regard to a different robbery. The district court held that because the 1987 mug shots were admissible and Cobbin's counsel had properly objected to and had stricken the testimony regarding the other robbery, his performance in these respects was not deficient. *See Cobbin*, 32 F. Supp.2d at 1233-34. The district court also held that even assuming that counsel's failure to object to the introduction of the 1985 mug shots was deficient performance, Cobbin had not shown the requisite prejudice to entitle him to relief. *See id.* at 1234.

We generally agree with the district court's thorough analysis of Cobbin's arguments and conclude that additional comment is warranted only regarding counsel's failure to the object to the admission of the 1985 mug shots. As typical mug shots, these photos showed both a front and profile view of Cobbin. Counsel recognized the negative inferences that could be drawn from these photos, *see People v. Bugarin*, 507 P.2d 875, 877 (Colo. 1973), and he sought successfully to have the police identification numbers deleted from them, *see People v. Pickett*, 571 P.2d 1078, 1083 (Colo. 1977), and to prohibit witnesses generally from referring to the photos as mug shots. Nonetheless, we agree with the district court that the trial court probably would have sustained an objection to their admission because of their limited, if any, probative value. *See Bugarin*, 507 P.2d at 877; *People v. Bozeman*, 624 P.2d 916, 920 (Colo. Ct. App. 1980).

However, the critical issue at trial was the robbery victim's identification of Cobbin as the robber, and the victim had failed to identify Cobbin from a book of photos that included the 1985 mug shots. The 1985 mug shots of Cobbin did not differ significantly from the photos taken in 1987, and defense counsel used the similarity in the two sets of photos to support Cobbin's defense that the victim's subsequent identification of Cobbin as the robber from the photo array containing the 1987 photos was due to suggestion by the police or subconscious recollection of the 1985 photos. As a result, admission of the 1985 mug shots bolstered Cobbin's defense, and this must be considered in assessing the prejudice resulting from the inference of prior criminal history that could be drawn from the photos. *See United States v. Logan*, 861 F.2d 859, 865 (5th Cir. 1988) (holding that both positive and negative effects of counsel error must be considered in determining prejudice). Thus, exclusion of the mug shots would have eliminated the inference of prior criminal history, but, at the same time, weakened Cobbin's defense. Considering both the positive and negative effects of admission of the mug shots in light of the other evidence at trial, including the victim's steadfast identification of Cobbin as the robber, we agree with the district court that Cobbin has not demonstrated that counsel's performance, assuming it was deficient, was sufficiently prejudicial; i.e., our confidence in the outcome of the trial has not been undermined. *See Strickland*, 466 U.S. at 694.

-4-

Thus, for substantially the reasons stated by the district court in rejecting Cobbin's claim, we conclude that Cobbin has not made a substantial showing of the denial a constitutional right. His application for a certificate of appealability is DENIED, all outstanding motions are DENIED, and the appeal is DISMISSED.

Entered for the Court

Robert H. Henry
Circuit Judge